F. Christopher Austin, (NV Bar No. 6559)
Ryan Gile, (NV Bar No. 8807)
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
(702) 382-4804
caustin@weidemiller.com
rgile@weidemiller.com

Peter N. Jansson (pending *pro hac vice*)
Eric V.C. Jansson (pending *pro hac vice*)
Molly Hogan McKinley (pending *pro hac vice*)
**JANSSON MUNGER MCKINLEY & SHAPE LTD**
245 Main Street
Racine, WI 53403
(262) 632-6900
pjansson@janlaw.com
ejansson@janlaw.com
mmckinley@janlaw.com

Attorneys for Plaintiff
*Empire Level Manufacturing Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Empire Level Manufacturing Corp.,
a Wisconsin corporation,
                Plaintiff,

v.

Toolrich Imp. & Exp. Co., Ltd.,
      a Chinese company,
Zhejiang Yongkang Shiya Wanxing Tools Factory,
      a Chinese company,
Wuxi Just Int'l Trading Co., Ltd.,
      a Chinese company,
Pro-Starter Tools Co. Ltd.,
      a Chinese company,
Zhejiang Boda Measure Tools Co., Ltd.,
      a Chinese company,
Jinhua Shunchi Tools Factory,
a/k/a Jinhua Chunyi Tools Co., Ltd.,
a/k/a Jinhua City Shunchi Tools Factory,
      a Chinese company,
Cixi Ocean Trade Co., Ltd.,
      a Chinese company, and
Shaoxing Sunway Tools & Hardware Export &
Import Co. Ltd.,
      a Chinese company,

                Defendants.

Case No.: 2:14-cv-00718

**ORDER GRANTING PRELIMINARY INJUNCTION**

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0142       1        Order Granting Preliminary Injunction

Empire Level Manufacturing Corp. ("Empire") filed a Verified Complaint against the eight above-listed Defendants, and at the same time filed an *ex parte* Motion for a Temporary Restraining Order, Seizure Order and Preliminary Injunction ("the Motion"). The Court considered the arguments contained in the Motion and its supporting documents, and, based thereon, entered a temporary restraining and seizure order (DE-10) on May 8, 2014, which also set a bond requirement of $10,000 and a preliminary injunction hearing date of May 20, 2014. Counsel for Plaintiff Empire appeared at the preliminary injunction hearing, but counsel did not appear for any of the Defendants. At such hearing the Court was informed that, on May 8, 2014, the Defendants were served process and the Defendants' subject goods were seized at the National Hardware Show in Las Vegas pursuant to the Order. Based on the papers submitted and the arguments and responses provided at the hearing, the Court finds and orders as follows:

1. Empire is likely to succeed in demonstrating that it owns a federally registered trademark, United States Trademark Registration No. 2,833,616 ("the '616 Trademark Registration," a copy of which is attached hereto as Exhibit 1), for key portions of the look of its em81.9 torpedo level, namely, the appearance of its vial window, as well as common law rights in and to the overall appearance of such torpedo level (see attached Exhibit 2), and that such registered trademark and overall appearance serve to signify the source of such product. The non-functional aesthetic elements which constitute the '616 Trademark Registration and the overall appearance collectively comprise the protectable trademark rights at issue (collectively, the "Empire Marks").

2. The injury to Empire's reputation and goodwill resulting from Defendants' infringement of the Empire Marks is irreparable, and Defendants are unlawfully seeking to capitalize on the reputation and goodwill of Empire.

3. The harm to Empire from Defendants' infringement clearly outweighs any potential harm to any legitimate interest of Defendants resulting from the issuance of a preliminary injunction.

4. The public interest in avoiding confusion is served by issuance of an injunction.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0142          2          Order Granting Preliminary Injunction

1    5.   The value of the seized goods, all of which were shown at the hearing, is no more
2    than modest; furthermore, counsel represented that Empire is financially responsible.
3    NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:
4    A.   Defendants, their officers, agents, servants, employees, and attorneys, and all
5    other persons in active concert or participation with one or more of them who receive actual
6    notice of this Order, are enjoined and restrained, throughout the pendency of this litigation or
7    until the Court otherwise orders, from engaging in the following activities and from assisting or
8    inducing others to engage in the following activities:
9    i.   Using any of the Empire Marks or any other trademark that is a colorable
10   imitation of any Empire Mark or confusingly similar thereto in connection with a level;
11   ii.  Importing, exporting, distributing, shipping, introducing into commerce,
12   returning, disposing of, purchasing, offering for sale, marketing, selling, soliciting, filling orders
13   for, promoting, or advertising, including without limitation on the Internet, any level embodying
14   the Empire Marks;
15   iii. Passing off, promoting, or selling any products as being produced by or
16   under the supervision or control of Empire when such is not the case; and/or
17   iv.  Destroying, altering, shipping, secreting, or otherwise making unavailable
18   to the Court, Empire, the United States Marshal or other law enforcement officer, any
19   documents or tangible things concerning the importing, exporting, distribution, shipment,
20   introduction into commerce, return, disposal of, purchase, offer for sale, sale, solicitation, filling
21   of orders for, promotion or advertising of any level product embodying the Empire Marks,
22   and/or any documents or tangible things in any way pertinent to this action.
23   B.   Empire's counsel shall be permitted to maintain possession of the seized goods
24   during this litigation for use by the Court and by counsel for the parties pursuant to the
25   requirements of the Federal Rules of Civil Procedure. The term "Empire's counsel" as used
26   herein shall mean attorneys of record in this matter, as well as paralegal assistants, stenographic
27   and clerical employees working under the direct supervision or control of such counsel.
28   C.   Service of a copy of this Order and the Verified Complaint shall be made upon

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0142                              3                      Order Granting Preliminary Injunction

Defendants by Empire's counsel by mail to the addresses set forth in the Verified Complaint and/or by email to contact information otherwise provided by Defendants, and/or by facsimile; service by any of such methods shall constitute sufficient service thereof.

D. The bond, previously set (in DE-10) at $10,000, is hereby reduced to $100, to secure the payment of such costs and damages as may be suffered or sustained by a party who is found to have been wrongfully enjoined or whose property has been wrongfully seized.

**IT IS SO ORDERED** this 6th day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

Respectfully submitted by:

/F. Christopher Austin/
F. Christopher Austin, (NV Bar No. 6559)
Ryan Gile, (NV Bar No. 8807)
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
(702) 382-4804
caustin@weidemiller.com
rgile@weidemiller.com

Peter N. Jansson (pending *pro hac vice*)
Eric V.C. Jansson (pending *pro hac vice*)
Molly Hogan McKinley (pending *pro hac vice*)
**JANSSON MUNGER MCKINLEY & SHAPE LTD**
245 Main Street
Racine, WI  53403
(262) 632-6900
pjansson@janlaw.com
ejansson@janlaw.com
mmckinley@janlaw.com

Attorneys for Plaintiff
*Empire Level Manufacturing Corp.*

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0142        4        Order Granting Preliminary Injunction

# Exhibit 1

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 2,833,616
Registered Apr. 20, 2004

## TRADEMARK
### PRINCIPAL REGISTER



EMPIRE LEVEL MFG. CORP. (WISCONSIN CORPORATION)
10950 POTTER ROAD
MILWAUKEE, WI 53226

   FOR: LEVELS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

   FIRST USE 10-31-1980; IN COMMERCE 10-31-1980.

   THE MARK IS A THREE-DIMENSIONAL CONFIGURATION OF THE GOODS THEMSELVES, CONSISTING OF A VIAL-WINDOW "MAT" EXTENDING ENTIRELY THROUGH THE LEVEL AND AN OUTER FACEPLATE SURROUNDING THE MAT, CREATING A FRAMED-MATTED PICTURE "LOOK". THE INNER MAT HAS RECTANGULAR INNER AND OUTER EDGES, EACH WITH SOFTLY CURVED CORNERS, THE INNER EDGE DEFINING THE WINDOW AND THE OUTER EDGE BEING THE JUNCTURE OF INNER MAT AND OUTER FACEPLATE; THE OUTER FACEPLATE FORMS A FRAME OF A CONTRASTING COLOR DARKER THAN THE LIGHTER-COLORED MAT WHICH IT FRAMES. THE MARK IS NOT LIMITED TO ANY PARTICULAR CONTRASTING COLORS; COLOR IS NOT A FEATURE OF THE MARK. THE DRAWING SHOWS THE MARK ON A PORTION OF A LEVEL. THE UPPER AND LOWER BROKEN LINES ARE STRUCTURE THAT FORMS NO PART OF THE MARK.

   SEC. 2(F).

   SER. NO. 76-300,474, FILED 8-17-2001.

SUSAN STIGLITZ, EXAMINING ATTORNEY

# Exhibit 2

