1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EMPIRE LEVEL MANUFACTURING CORP.,   ) | |
|             Plaintiff,   ) | Case No. 2:14-cv-00718-GMN-CWH |
| vs.   ) | **REPORT AND RECOMMENDATION** |
| TOOLRICH IMP. & EXP. CO, LTD., *et al.*,   ) | |
|             Defendants.   ) | |

        This matter was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to LR IB 1-4, on Plaintiff's unopposed Motion for Default Judgment (doc. # 28), filed February 2, 2015.

## BACKGROUND

        Plaintiff filed its complaint on May 7, 2014.  See Doc. # 1.  On that same date, Plaintiff also filed an emergency motion for temporary restraining order and an emergency motion for preliminary injunction.  See Doc. # 2; Doc. # 3.  The Court granted Plaintiff's emergency motion for temporary restraining order on May 8, 2014, and Plaintiff's emergency motion for preliminary injunction on August 6, 2014.  See Doc. # 10; Doc. # 25.  Plaintiff then filed a motion for return of surety on November 17, 2014, which the Court granted on February 12, 2015.  See Doc. # 26; Doc. # 30. Plaintiff additionally filed a motion for entry of default on January 30, 2015, with the Clerk of Court entering default on February 2, 2015.  Meanwhile, Plaintiff filed the instant motion for default judgment on February 2, 2015, asking the Court to permanently enjoin Defendants, their agents, servants, employees, attorneys, assignees, and any other persons "in active concert" with Defendants from: (1) further infringing on, and using, Plaintiff's trademark or trade dress (No. 2, 833, 616); and

(2) further using promotional materials, including limitation displays on Defendants' websites, that infringe Plaintiff's trademark or trade dress. <u>See</u> Doc. # 28 at 4. Plaintiff also asks the Court to order: (1) Defendants to surrender all infringing products in the United States for destruction; (2) Defendants to surrender all promotional materials in the United States for destruction, such as catalogs, literature, advertising, negatives, photographs, and related materials bearing Plaintiff's trademark or trade dress; and (3) U.S. Customs to refuse entry into the United States any of Defendants' products bearing the infringing trademark or trade dress. <u>Id</u>.

## DISCUSSION

**1.    Adequacy of Service of Process**

As a preliminary matter, the Court must determine whether Plaintiff adequately served process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly." <u>Direct Mail Specialists Inc. v. Eclat Computerized Tech. Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988). According to Rule 4 of the Federal Rules of Civil Procedure ("FRCP"), a plaintiff may serve a business by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process on behalf of a defendant. Fed.R.Civ.P. 4(e)(2).

Here, Plaintiff served Defendants' resident agents on May 8, 2014. <u>See</u> Doc. # 17; Doc. # 18. Defendants therefore received proper service of the summons and complaint.

**2.    Procedural Requirements**

Obtaining default judgment is a two-step process. <u>See</u> <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986); <u>see also</u> Fed.R.Civ.P. 55. First, the Clerk of Court must enter default against a defendant. Fed.R.Civ.P. 55(a). Second, plaintiff must petition the Court for default judgment. Fed.R.Civ.P. 55(b). However, if a defendant against whom default judgment is sought appears personally or through a representative, the defendant or defendant's representative must be served with written notice of the application for default judgment at least seven days before a hearing.

Here, the Clerk of Court entered default against Defendants on February 2, 2015. <u>See</u> Doc. # 29. Plaintiff petitioned the court for default judgment on that same date. <u>See</u> Doc. # 28. A review of the record reveals that Defendants have not appeared in this case for purposes of Rule 55(b)(2) of the FRCP, and Plaintiff has complied with procedural requirements of Rule 55 to obtain default

1   judgment. Thus, the Court now decides whether default judgment is appropriate in the instant case.

2   **3.      Default Judgment (<u>Eitel</u> Factors)**

3   The decision to grant a request for default judgment lies within the sound discretion of the

4   district court. <u>See</u> <u>Lau Ah Yew v. Dulles</u>, 236 F.2d 415, 416 (9th Cir. 1956); <u>Aldabe v. Aldabe</u>, 616

5   F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the district court should consider: (1) the

6   possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim(s); (3) the sufficiency

7   of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

8   material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of

9   favoring decisions on the merits.  <u>Eitel</u>, 782 F.2d at 1471-72.

10   This Court finds that in light of the record, along with Plaintiff's allegations in its complaint

11   and prior findings made by the Court in this action, the <u>Eitel</u> factors weigh heavily in favor of granting

12   Plaintiff's motion.

13   First, a denial of default judgment would prejudice Plaintiff.  This action has been pending

14   since May 2014 without any Defendant properly appearing or taking action to defend itself.  As a

15   result, Plaintiff is left without a remedy if default judgment is not entered in its favor.

16   Second, Plaintiff's complaint contains sufficient factual allegations to state a claim upon which

17   relief can be granted.  <u>See</u> <u>Eitel</u>, 782 F.2d at 1471.  Specifically, Plaintiff has alleged facts showing that

18   Defendants have infringed upon Plaintiff's trademark.  Upon the Clerk of Court's entry of default,

19   these factual allegations are taken as true.  <u>See</u> <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir.

20   1977).  Moreover, Plaintiff's complaint sufficiently alleges facts under the liberal pleading standards

21   of Rule 8 of the FRCP.  <u>See</u> <u>Danning v. Lavine</u>, 572 F.2d 1386, 1389 (9th Cir. 1978).  As such, the

22   second and third <u>Eitel</u> factors weigh in favor of default judgment in this case.

23   Third, money is not at stake in this action because Plaintiff moves for permanent injunctive

24   relief, with Plaintiff asking the same forms of relief previously granted by the Court in Plaintiff's

25   emergency motion for preliminary injunction.

26   Fourth, there is little, if any, likelihood of a dispute concerning material facts, especially since

27   all well-pled facts in Plaintiff's complaint are taken as true upon entry of default.  <u>See</u> <u>TeleVideo</u>

28   <u>Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987) ("The general rule of law is that upon

1   default the factual allegations of the complaint, except those relating to the amount of damages, will
2   be taken as true.") (citations omitted).

3         Fifth, the likelihood of excusable neglect is remote.  Plaintiff properly served Defendants'
4   resident agents with summons and a copy of the complaint.  Defendants had knowledge of the instant
5   action yet chose not to oppose Plaintiff's allegations, and no evidence exists showing otherwise.

6         Finally, while it is preferable to decide a case on its merits, when no Defendant properly
7   appears to oppose the action, as in this case, reaching a decision on the merits is an impractical task.

8   ### CONCLUSION AND RECOMMENDATION

9         Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's  Motion for Default
10  Judgment (doc. # 28) be **granted.**

11  ### NOTICE

12        Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in
13  writing and filed with the Clerk of the Court within fourteen (14) days.  The U.S. Supreme Court has
14  held that the courts of appeal may determine that an appeal has been waived due to the failure to file
15  objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit has also
16  held that failure to file objections within the specified time, and failure to properly address and brief
17  the objectionable issues, waives the right to appeal the district court's order and/or appeal factual
18  issues from the order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley
19  United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

20        DATED: March 3, 2015

21
22
23  _____
    **C.W. Hoffman, Jr.**
24  **United States Magistrate Judge**
25
26
27
28

4